JOHN S. LEONARDO
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
Evo A. Deconcini United States Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
angela.woolridge@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>Francisco Javier Garayzar,<br>(Counts 1, 2, 3, 4, 5, 7)<br><br>Ramon Gamez-Sanchez,<br>(Counts 2, 3, 4, 5, 6, 7)<br><br>Angel Alberto Gamez-Sanchez,<br>(Counts 2, 3, 4, 5, 6, 7)<br><br>Luis Enrique Villareal-Gaytan,<br>aka Luis Enrique Beltran-Beltran,<br>aka Luis Enrique Beltran-Leyva,<br>(Count 7)<br><br>Katherine Murray Fleischer,<br>(Counts 6, 7)<br><br>　　　　　Defendants. | **SUPERSEDING INDICTMENT**<br><br>CR12-1233-TUC-RCC (BPV)<br><br>Violations:<br><br>18 USC § 554(a); 22 USC § 2778; 22 CFR §§ 121.1 and 123.1<br>(Smuggling Goods From the United States)<br>Counts 1 - 6<br><br>18 USC § 371<br>(Conspiracy)<br>Count 7<br><br>18 USC §§ 924(d) and 981(a)(1)(C); 28 USC § 2461(c)<br>(Forfeiture Allegation)<br><br>UNDER SEAL |

THE GRAND JURY CHARGES:

### COUNT ONE

On or about July 19, 2011, at or near Nogales, in the District of Arizona, FRANCISCO JAVIER GARAYZAR knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the

United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 4,000 rounds of .38 Super caliber ammunition, 50 rounds of .357 Magnum caliber ammunition, 100 AK-47 firearm magazines, and 2 high capacity dual drum fed MP-5 firearm magazines; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT TWO

On or about October 24, 2011, at or near Nogales, in the District of Arizona, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, and ANGEL ALBERTO GAMEZ-SANCHEZ knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 5,860 rounds of 7.62 caliber ammunition, 1,100 rounds of .223 caliber ammunition, and 500 rounds of 9mm ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT THREE

On or about December 27, 2011, at or near Nogales, in the District of Arizona, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, and ANGEL ALBERTO GAMEZ-SANCHEZ knowingly attempted to export and send from the United

United States v. **Francisco Javier Garayzar, et al**, Indictment page 2

States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 1,000 rounds of .38 Super caliber ammunition, 2,000 rounds of 9 mm Luger ammunition, and 600 rounds of 10 mm ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT FOUR

On or about February 3, 2012, at or near Nogales, in the District of Arizona, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, and ANGEL ALBERTO GAMEZ-SANCHEZ knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 3,080 rounds of 7.62x39 caliber ammunition, 920 rounds of .223 caliber ammunition, 2,000 rounds of .45 caliber ammunition, 50 rounds of 7.62x25 caliber ammunition, 2,000 rounds of 9mm ammunition, 40 rounds of .303 caliber ammunition, 80 rounds of 6mm ammunition, 33 metal AK-47 ammunition firearm magazines, and 3 polycarbonate AK-47 firearm magazines; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT FIVE

On or about March 29, 2012, at or near Nogales, in the District of Arizona, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, and ANGEL ALBERTO GAMEZ-SANCHEZ knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 5,750 rounds of .38 caliber ammunition, 2,500 rounds of .45 caliber ammunition, 2,523 rounds of 9mm caliber ammunition, 30 AK-47 caliber firearm magazines, 20 5.7x28 caliber firearm magazines, four .223 caliber firearm magazines (30 round capacity), two .223 caliber firearm magazines (15 round capacity), two 5.56x45 caliber firearm magazines (45 round capacity), and five 308 caliber firearm drum magazines (50 round capacity); knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT SIX

From on or about June 26, 2012, to on or about June 29, 2012, at or near Nogales, in the District of Arizona, RAMON GAMEZ-SANCHEZ, ANGEL ALBERTO GAMEZ-SANCHEZ, and KATHERINE MURRAY FLEISCHER knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 10,000 rounds of 7.62 caliber ammunition, 1,000 rounds of 5.56 caliber

United States v. **Francisco Javier Garayzar, et al**, Indictment page 4

ammunition, and 750 rounds of .45 caliber ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

## COUNT SEVEN

From a time unknown to on or about June 29, 2012, at or near Nogales, in the District of Arizona, the defendants, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, ANGEL ALBERTO GAMEZ-SANCHEZ, LUIS ENRIQUE VILLAREAL-GAYTAN, aka LUIS ENRIQUE BELTRAN-BELTRAN, aka LUIS ENRIQUE BELTRAN-LEYVA, and KATHERINE MURRAY FLEISCHER, did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: the knowing attempt to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1; in violation of Title 18, United States Code, Section 554(a).

United States v. **Francisco Javier Garayzar, et al**, Indictment page 5

## Purpose of the Conspiracy

The purpose of this conspiracy was to commit, and assist in the commission of, the unlawful export of items; to wit, ammunition and firearms magazines; from the United States to the Republic of Mexico.

## The Means and Methods of the Conspiracy

The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that the defendants and/or their co-conspirators would order ammunition and firearms magazines from suppliers in the United States, to be provided to the defendants and/or their co-conspirators in the District of Arizona.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would purchase and pay for the ammunition and firearms magazines.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would receive the ammunition and firearms magazines in the District of Arizona.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would transport the ammunition and firearms magazines within the District of Arizona with the knowledge that the ammunition and firearms magazines were intended to ultimately be transported from the United States into the Republic of Mexico.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would package, conceal, and store the ammunition and firearms magazines within the District of Arizona with the knowledge that the ammunition and firearms magazines were intended to ultimately be transported from the United States into the Republic of Mexico.

United States v. **Francisco Javier Garayzar, et al**, Indictment page 6

It was a further part of the conspiracy that the defendants and/or their co-conspirators would obtain and pay for the use of storage facilities in the District of Arizona in which to keep the ammunition and firearms magazines prior to the ammunition and firearms magazines being transported by the defendants and/or their co-conspirators into the Republic of Mexico, and would utilize these storage facilities in accordance with such purpose.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would transport the ammunition and firearms magazines from the United States into the Republic of Mexico.

It was a further part of the conspiracy that the defendants and/or their co-conspirators did not have any valid license or other authority to export the ammunition and firearms magazines from the United States into the Republic of Mexico.

### Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

On or shortly before July 19, 2011, FRANCISCO JAVIER GARAYZAR obtained 4,000 rounds of .38 Super caliber ammunition, 50 rounds of .357 magnum ammunition, 100 AK-47 magazines, and 2 high capacity dual drum fed MP-5 magazines at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. On July 19, 2011, at his place of business in Nogales, Arizona, GARAYZAR provided the ammunition and magazines to another individual in exchange for $7,000 (which was paid by VILLAREAL-GAYTAN) with the knowledge and intention that the ammunition and magazines would be unlawfully exported from the United States and delivered to VILLAREAL-GAYTAN in Mexico.

United States v. **Francisco Javier Garayzar, et al**, Indictment page 7

On or shortly before October 24, 2011, FRANCISCO JAVIER GARAYZAR obtained 5,860 rounds of 7.62 caliber ammunition, 1,100 rounds of .223 caliber ammunition, and 500 rounds of 9mm ammunition at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. On October 24, 2011, at a storage facility in Nogales, Arizona, GARAYZAR provided the ammunition to RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ, who then transferred the ammunition to another individual with the knowledge and intention that the individual would unlawfully export the ammunition from the United States and deliver it to VILLAREAL-GAYTAN in Mexico.

On or shortly before December 27, 2011, FRANCISCO JAVIER GARAYZAR obtained 1,000 rounds of .38 Super caliber ammunition, 2,000 rounds of 9 mm Luger ammunition, and 600 rounds of 10 mm ammunition at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. On or shortly before December 27, 2011, at a storage facility in Nogales, Arizona, GARAYZAR provided the ammunition to RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ, who then transferred the ammunition to another individual on December 27, 2011, with the knowledge and intention that the individual would unlawfully export the ammunition from the United States and deliver it to VILLAREAL-GAYTAN in Mexico.

On or shortly before February 2, 2012, FRANCISCO JAVIER GARAYZAR obtained 3,080 rounds of 7.62x39 caliber ammunition, 920 rounds of .223 caliber ammunition, 2,000 rounds of .45 caliber ammunition, 50 rounds of 7.62x25 caliber ammunition, 2,000 rounds of 9mm ammunition, 40 rounds of .303 caliber ammunition, 80 rounds of 6mm ammunition, 33 metal AK-47 ammunition firearm magazines, and 3 polycarbonate AK-47 firearm magazines at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. On February 2, 2012, at a storage facility in Nogales, Arizona,

United States v. **Francisco Javier Garayzar, et al**, Indictment page 8

GARAYZAR provided the ammunition and magazines to RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ, who then transferred the ammunition and magazines to another individual on February 3, 2012, with the knowledge and intention that the individual would unlawfully export the ammunition and magazines from the United States and deliver it to VILLAREAL-GAYTAN in Mexico.

On or shortly before March 29, 2012, FRANCISCO JAVIER GARAYZAR obtained 5,750 rounds of .38 caliber ammunition, 2,500 rounds of .45 caliber ammunition, 2,523 rounds of 9mm caliber ammunition, 30 AK-47 caliber firearm magazines, 20 5.7x28 caliber firearm magazines, four .223 caliber firearm magazines (30 round capacity), two .223 caliber firearm magazines (15 round capacity), two 5.56x45 caliber firearm magazines (45 round capacity), and five 308 caliber firearm drum magazines (50 round capacity) at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. On March 29, 2012, at his place of business in Nogales, Arizona, GARAYZAR provided the ammunition and magazines to RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ, who then transferred the ammunition and magazines to another individual with the knowledge and intention that the individual would unlawfully export the ammunition and magazines from the United States and deliver it to VILLAREAL-GAYTAN in Mexico.

On June 26, 2012, KATHERINE MURRAY FLEISCHER and ANGEL ALBERTO GAMEZ-SANCHEZ entered the United States from the Republic of Mexico and proceeded to a storage facility in Nogales, Arizona, where FLEISHCER rented a storage unit to be utilized to store ammunition and firearms magazines, all at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN. FLEISCHER transported 10,000 rounds of 7.62 caliber ammunition, 1,000 rounds of 5.56 caliber ammunition, and 750 rounds of .45 caliber ammunition to the storage unit, where she, RAMON GAMEZ-

United States v. **Francisco Javier Garayzar, et al**, Indictment page 9

SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ stored the ammunition for future exportation into the Mexico.

On June 29, 2012, at the request and direction of LUIS ENRIQUE VILLAREAL-GAYTAN, RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ obtained 960 rounds of 7.62 caliber ammunition from a storage facility in Nogales, Arizona, and transferred the ammunition and magazines to another individual with the knowledge and intention that the individual would unlawfully export the ammunition and magazines from the United States and deliver it to VILLAREAL-GAYTAN in Mexico. An additional 9,040 rounds of 7.62 caliber ammunition , 1,000 rounds of 5.56 caliber ammunition, and 750 rounds of .45 caliber ammunition were found in the storage facility, which RAMON GAMEZ-SANCHEZ and ANGEL ALBERTO GAMEZ-SANCHEZ intended to unlawfully export to Mexico for delivery to VILLAREAL-GAYTAN at a later date.

All in violation of 18 U.S.C. Section 371.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts One through Seven of the Superseding Indictment, the defendants, FRANCISCO JAVIER GARAYZAR, RAMON GAMEZ-SANCHEZ, ANGEL ALBERTO GAMEZ-SANCHEZ, LUIS ENRIQUE VILLAREAL-GAYTAN, and KATHERINE MURRAY FLEISCHER, shall forfeit to the United States pursuant to:

1) Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any ammunition involved in the commission of the offenses, including, but not limited to: 4,000 rounds of .38 Super caliber ammunition , 50 rounds of .357 Magnum caliber ammunition, 5,860 rounds of 7.62 caliber ammunition, 1,100 rounds

of .223 caliber ammunition, 500 rounds of 9mm ammunition, 1,000 rounds of .38 Super caliber ammunition, 2,000 rounds of 9 mm Luger ammunition, 600 rounds of 10 mm ammunition, 3,080 rounds of 7.62x39 caliber ammunition, 920 rounds of .223 caliber ammunition, 2,000 rounds of .45 caliber ammunition, 50 rounds of 7.62x25 caliber ammunition, 2,000 rounds of 9mm ammunition, 40 rounds of .303 caliber ammunition, 80 rounds of 6mm ammunition, 5,750 rounds of .38 caliber ammunition, 2,500 rounds of .45 caliber ammunition, 2,523 rounds of 9mm caliber ammunition, 10,000 rounds of 7.62 caliber ammunition, 1,000 rounds of 5.56 caliber ammunition, and 750 rounds of .45 caliber ammunition.

        2)     Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

        3)     A sum of money equal to the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

        If any of the property described above, as a result of any act or omission of the defendants: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendants.

United States v. **Francisco Javier Garayzar, et al**, Indictment page 11

All pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Rule 32.2.(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

_____
Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

JUL 1 9 2012

/s/

Assistant U.S. Attorney

REDACTED FOR
PUBLIC DISCLOSURE

United States v. **Francisco Javier Garayzar, et al**, Indictment page 12